## A97A2492. REEVES v. THE STATE.
(497 SE2d 625)

BIRDSONG, Presiding Judge.

T. Reeves appeals his conviction for alternative counts of driving under the influence in Dawson County, Georgia. He was sentenced to a prison term, a fine, and various fees and charges.

Reeves contends he was deprived of effective assistance of counsel because his defense counsel, Raymond George, did not inform him that a few days *before* appellant's trial, George accepted a position as Chief Assistant District Attorney with the office prosecuting appellant for these offenses. Particularly, Reeves contends he signed no written waiver of jury trial and that he would not have waived jury trial if he had been properly informed of the distinctions between bench trial and jury trial, and that he had a defense witness whose name he had given his attorney but who did not appear for his bench trial.

According to the transcript for appellant's motion for new trial, however, appellant contends he discovered his defense attorney's conflict of interest when his wife asked trial counsel to file an appeal of his conviction and trial counsel replied that he could not do so because he had accepted a position with the district attorney's office.

There is no trial transcript; George, after he became Chief Assistant District Attorney, testified at appellant's motion for new trial that appellant knowingly made this choice.

As to whether he told appellant that he had been hired by the district attorney's office, George, as Chief Assistant in the district attorney's office which is now defending this appeal so as to uphold the convictions, testified at the motion for new trial: "I believe I told him the day before trial. We didn't have contact a lot till the day of trial but I do recall telling him on the day of trial before trial."

George did not have appellant's trial transcribed. As a result of the attorney's decision, we cannot fairly determine whether any actual deficiency in representation or other impropriety occurred.

At the time of appellant's motion for new trial and the hearing on that motion, his trial counsel, Raymond George, was employed as Chief Assistant District Attorney for the district attorney's office which prosecuted appellant and obtained this conviction, and which responds to this appeal. *Held*:

We note first that, as more fully explained below, the testimony of Chief Assistant District Attorney George, at appellant's motion for new trial, that George told appellant he had been hired by the district attorney's office and that appellant chose not to have the trial transcribed, was fatally conflicted by the fact that *of necessity* his interests at the time of appellant's motion for new trial were given entirely to the State, whose only interest is to preserve these convictions and controvert appellant's assertions with evidence. Secondly, George's testimony that appellant chose not to have the trial transcribed must likewise be disregarded, particularly inasmuch as the attorney had a responsibility to show by the record, even at his own behest, that the client voluntarily chose to proceed with the attorney's representation after "full disclosure"; even if the client did choose not to transcribe his criminal trial, the attorney must know that without a record he cannot prove "full disclosure" and voluntarily acceptance of his services by the client — particularly since the attorney knew that, when this case came up for appeal, the attorney would be working for the prosecution which seeks to uphold the convictions without a record, and the attorney moreover knew that without a record of the proceedings his client would be unable to show error in the trial, or in his representation. See *In the Matter of Dale A. Allison, Jr.*, 267 Ga. 638, 644-645 (481 SE2d 211).

Ethical Consideration 7-8 of the Ga. State Bar Rules & Regulations states: "A lawyer should exert his best efforts to insure that decisions of his client are made only after the client has been informed of *relevant considerations*. A lawyer ought to initiate this decision-making process if the client does not do so. Advice of a lawyer to his client need not be confined to purely legal considera-

tions. . . . In assisting his client to reach a proper decision, it is often desirable for a lawyer to point out factors which may lead to a decision that is morally just as well as legally permissible. . . ."

In *Williams v. State*, 258 Ga. 305, 314 (369 SE2d 232); *Frazier v. State*, 257 Ga. 690, 693 (1) (362 SE2d 351); and *Billings v. State*, 212 Ga. App. 125 (441 SE2d 262) the appellants complained of the prosecutor's failure to disqualify itself for having hired appellants' defense counsel. Reference was made to Ethical Consideration 7-13, which states: "The responsibility of a public prosecutor differs from that of the usual advocate. . . ." In those cases, no conflict of interest was found.

In this case, we need not find that a conflict of interest existed per se in the attorney's defending appellant after having been hired as Chief Assistant of the district attorney's office which prosecuted this case. A *potential* conflict of interest existed and the appearance of impropriety existed. See Canons 4 and 5. What was necessary was that, *before* defending appellant in a criminal trial, George must fully advise appellant of the fact that George had accepted a position as Chief Assistant District Attorney with the prosecutor's office.

Under Canon 9 of the State Bar Rules & Regulations, an attorney is required to avoid even the appearance of impropriety. See *Summerlin v. Johnson*, 176 Ga. App. 336, 338 (1) (335 SE2d 879) which describes many reasons for the avoidance of potential conflict.

Furthermore, an inherent conflict of interest taints the testimony of the Chief Assistant District Attorney George at appellant's motion for new trial hearing, *on behalf of the State and in an effort to preserve the conviction,* that before appellant's trial he advised appellant not only of the fact that he had been hired by the district attorney, but also of the distinctions between jury trial and bench trial and the validity of appellant's supposed waiver of jury trial, the calling of any witnesses, and — that which is of special detriment in this case since it prevents any review of the trial evidence and proceedings — the failure to have the trial proceedings recorded and transcribed for review on appeal. This inherent conflict prevents us from favoring the trial court's acceptance of trial counsel's testimony. From at least the moment he was hired by the district attorney, George had interests to some extent with the district attorney's office; they were potentially divided at best.

In the absence of a record to assist appellant in an appeal, and in view of the great appearance of impropriety and particularly in view of the fact that all testimony of the Chief Assistant District Attorney, the office seeking to preserve these convictions, Chief Assistant District Attorney George was incompetent to testify as to what he told appellant while acting as defense attorney after he had been hired by the district attorney; his defense attorney's testimony, which incon-

trovertibly is now on behalf of the State and to preserve this conviction, is fatally conflicted and must be disregarded. In all the circumstances of this case, the conviction cannot be saved.

*Judgment reversed. Ruffin, J., concurs. Eldridge, J., concurs in the judgment only.*

DECIDED MARCH 9, 1998.

*Summer & Summer, Daniel A. Summer*, for appellant.
*Lydia J. Sartain, District Attorney, Jessica K. Moss, Assistant District Attorney*, for appellee.